UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:04-cr-83-FTM-29SPC

RAY PLAIR

_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion
Under Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) for
Reduction of Sentence Based on 2007 Guideline Amendment 706 Which
Became Effective on November 1st, 2007, and Caused a Two-Level
Reduction in Base Offense Level for Cocaine Base (Doc. #49), filed
on March 24, 2008.  Defendant seeks a reduction in his sentence in
light of Amendment 706 to the United States Sentencing Guidelines,
which reduces the base offense level for cocaine base offenses by
two levels.

Title 18 U.S.C. § 3582(c) gives the Court discretionary
authority to reduce the term of imprisonment portion of a
defendant's sentence under certain circumstances.  Section
3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once
> it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of
> the defendant or the Director of the Bureau of Prisons,
> or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable,
> if such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

In this case defendant is not eligible for a sentence

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

2

reduction because the application of Amendment 706 does not have the effect of lowering his applicable guideline range. Even if eligible, the maximum reduction would be one month because Amendment 706 does not allow a sentence below the statutory mandatory minimum.

At the original sentence, defendant was held accountable for 118.4 grams of cocaine base and 173 grams of cocaine hydrochloride. When the cocaine hydrochloride was converted into marijuana equivalents, it had no impact on the base offense level calculation. The Base Offense Level for the 118.4 grams of cocaine base was Base Offense Level 32. After an upward adjustment of two levels for possession of firearms and a three level reduction for acceptance of responsibility, the Total Offense Level was 31. The resulting Sentencing Guideline range was 121 to 151 months. The statutory mandatory minimum for both counts of conviction was 120 months. Defendant was sentenced to 121 months imprisonment.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 32 and the Total Offense Level remains at 31. Because both cocaine base and cocaine hydrochloride were involved in the offenses of conviction, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3)

covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

There were 118.4 grams of cocaine base involved in this offense, which now has a Base Offense Level of 30.  The marijuana equivalency for cocaine base at a Base Offense Level of 30 is 14 kilograms of marijuana per gram of cocaine base.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II).  This results in a marijuana equivalent of 1,657.6 kilograms for the 118.4 grams of cocaine base.  The marijuana equivalency for cocaine is 200 grams of marijuana per gram of cocaine.  U.S.S.G. § 2D1.1 cmt. n.10(E).  There were 173 grams of cocaine, which results in a marijuana equivalent of 34.6 kilograms.  Adding the marijuana equivalents for the cocaine base and the cocaine in this case results in a total marijuana equivalent of 1,692.2 kilograms.  Under U.S.S.G. § 2D1.1(c)(4), at least 1,000 kilograms of marijuana but less than 3,000 kilograms of marijuana results in the Base Offense Level of 32.  Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

4

Additionally, the Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706. Even if eligible, therefore, the reduction could not exceed one month.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), <u>cert. denied</u>, 499 U.S. 979 (1991). The Court must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002), <u>cert. denied</u>, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or reduce the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under Title 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment 706 Which Became Effective on November 1st, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #49) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of April, 2008.

_____
**JOHN E. STEELE**
**United States District Judge**

5

Copies:
AUSA Molloy
Ray Plair
U.S. Probation
U.S. Marshal