UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         Case No. 2:04-cr-83-FTM-29SPC

RAY PLAIR
_____

**<u>OPINION AND ORDER</u>**

This matter is before the Court *sua sponte* for reconsideration of defendant's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #49), filed on March 24, 2008. On April 17, 2008, the Court entered an Opinion and Order (Doc. #50) denying the motion because Amendment 706 to the United States Sentencing Guidelines did not affect his Base Offense Level after consideration of the other drugs attributable to defendant, and because of the statutory mandatory minimum sentence. After that Opinion and Order, the Sentencing Commission promulgated Amendment 713 which impacted Amendment 706 when controlled substances other than cocaine base were also involved. The Court revisits the case in order to determine if Amendment 713 would change the results for defendant.

At the original sentence, defendant's Total Offense Level was 31. With a Criminal History Category of II, the resulting Sentencing Guideline range was 121 to 151 months. Defendant was sentenced to 121 months imprisonment, the statutory mandatory

minimum.

Applying Amendment 713 would change the Total Offense Level to 29.  With a Criminal History Category of II, the new range would be 120 months imprisonment (the statutory mandatory minimum) to 121 months.  The Sentencing Guidelines do not allow a sentence below the statutory mandatory minimum, U.S.S.G. § 5G1.1(c)(2), and this was not changed by Amendment 706 or Amendment 713.  Since defendant was sentenced above the 120 month mandatory minimum, his sentence would be reduced pursuant to Amendment 706 or Amendment 713.  Probation reports that while incarcerated defendant maintained a clear conduct record and has completed a number of educational courses.  Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  After reconsideration of defendant Ray Plair's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines 1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #49), the Court determines that the motion is due to be **GRANTED**.

2.  The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 120 months, and otherwise leaving all other components of the sentence as originally imposed.  This order is subject to the prohibition contained within U.S.S.G. §

2

1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Ray Plair
U.S. Probation
U.S. Marshal